IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**HAFEEZ IBNSALEEM AL-AMIN**,

      Petitioner,

  v.

**JAMIE MILLER**,

      Respondent.

Case No. 2:22-cv-934-JE

**ORDER**

**Michael H. Simon, District Judge.**

      In this 28 U.S.C. § 2254 action, Petitioner Hafeez Ibnsaleem Al-Amin alleges that he received ineffective assistance of counsel causing him to enter an unknowing and involuntary guilty plea in his state criminal proceeding. United States Magistrate Judge John Jelderks issued Findings and Recommendation (F&R) in this case on October 10, 2023. Judge Jelderks recommended that this Court deny the Petition for Writ of Habeas Corpus and enter judgment dismissing this case with prejudice. Judge Jelderks further recommended that the Court decline to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

PAGE 1 – ORDER

Petitioner timely filed an objection (ECF 37), to which Respondent filed a response (ECF 38). Petitioner objects to the F&R's rejection of Petitioner's claim that his counsel provided ineffective assistance of counsel by failing properly and fully to advise him with respect to his guilty plea. According to Petitioner, but for his counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial on the criminal charges brought against him.

A.  **Legal Standard**

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

B.  **Background**

On February 28, 2017, Petitioner was indicted in Lane County on eight criminal counts. Respondent's Ex. 102 (ECF 21-1 at 33-35). Petitioner alleges that he had intended to proceed to trial on these charges, but upon the advice of counsel, Petitioner instead entered a plea of guilty on six counts. *See* ECF 2 (Petition) ¶¶ 5, 17. Petitioner acknowledges that the plea agreement contemplated an "open" sentence, meaning that there was no agreement about how much time would be imposed as a prison sentence under the plea. *See* Petition ¶ 17; *see also* ECF 37 at 2. The Petition states that Petitioner had a reasonable belief that the offer under the plea agreement contemplated a 70 to 90-month sentence. Petition ¶ 15. In Petitioner's objection, however, Petitioner acknowledges that his attorney explained that the *minimum* sentence that Petitioner would receive would be 90 months, while the maximum sentence that the prosecutor would seek would be 200 months. ECF 37 at 2. Between entering into the plea agreement and sentencing,

PAGE 2 – ORDER

the prosecutor discovered that Petitioner had engaged in a recorded jail phone call in which he gave a "green light," a term which demonstrated that he was attempting to have another person killed. Gary Deal Decl. ¶ 6 (Respondent's Ex. 112, ECF 21-1 at 116-18). In light of that phone call, the prosecutor informed Petitioner's attorney that the prosecutor would now be seeking a sentence in excess of 200 months if Petitioner did not agree to a stipulated 200-month sentence. *Id.* Petitioner signed the stipulated sentencing agreement for a 200-month sentence on July 20, 2017. Respondent's Ex. 111 (ECF 21-1 at 113-15).

Following the entry of his guilty plea, Petitioner filed for post-conviction relief (PCR) in Malheur County, raising an ineffective assistance of counsel claim. Respondent's Ex. 106 (ECF 21-1 at 74-77). Petitioner alleged that based on his discussion with his attorney, he mistakenly believed that the plea agreement contemplated a sentence of 70 to 90 months. *Id.* Petitioner alleged that he would not have accepted the plea agreement had he known that he would actually receive a 200-month sentence. *Id.* During the PCR proceedings, Petitioner's attorney testified in a declaration that before Petitioner changed his plea, counsel had fully informed Petitioner about the nature of the open plea, explained that Petitioner was facing a minimum of 90 months, and warned that Petitioner's total sentence could be at least 200 months if the penalties for the charges were imposed consecutively. Gary Deal Decl. ¶¶ 3-4. The PCR court found Petitioner's attorney's testimony to be credible, found Petitioner's testimony not to be credible, and denied Petitioner relief. Respondent's Ex. 115 (ECF 21-1 at 140-42). The decision of the PCR court was summarily affirmed by the Oregon Court of Appeals, and the Oregon Supreme Court denied review. Respondent's Ex. 121 (ECF 21-1 at 206); Respondent's Ex. 122 (ECF 21-1 at 207).

C. Discussion

The Court has reviewed *de novo* Judge Jelderks's F&R, Petitioner's objection, Respondent's response, and the procedural history of this habeas case. The Court first addresses this case's procedural history. Petitioner filed his Petition on June 30, 2022. Judge Jelderks granted Respondent three extensions of time to answer, and on April 7, 2023, Respondent filed his Answer to the Petition (ECF 20). On May 17, 2023, Petitioner filed a motion for extension of time to file supporting a memorandum, which Judge Jelderks granted, giving Petitioner until July 6th to file his brief (ECF 22; ECF 27). On June 5, 2023, Petitioner moved voluntarily to dismiss from the Petition his second ground for relief. On July 6, 2023, without seeking leave to do so, Petitioner filed an Amended Petition for Writ of Habeas Corpus (Second Petition) (ECF 29). Judge Jelderks construed the Second Petition as a motion for leave to amend and observed that the Second Petition omitted the second ground for relief. Because the second ground for relief had already been voluntarily dismissed, Judge Jelderks denied as moot the motion for leave to amend (ECF 32).

Upon reviewing the Second Petition, the Court observes that Petitioner included additional details, factual allegations, and arguments that addressed Respondent's arguments and the PCR court's findings related to his first ground for relief, among other matters. *See* Second Petition at 5-10. For example, in the Second Petition, Petitioner alleges that his attorney failed to conduct a reasonable investigation into the recorded "green light" phone call. *Id.* at 9. The Court therefore considers the allegations and arguments in the Second Petition when reviewing the soundness of the F&R's analysis and conclusions.

Turning to the merits of Petitioner's ineffective assistance of counsel claim, this claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984), and the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d)(1). A federal court's review of

PAGE 4 – ORDER

defense counsel's performance is "doubly deferential" because "*Strickland* instructs courts to review a defense counsel's effectiveness with great deference, and AEDPA requires federal courts to defer to the state court's decision unless its application of Supreme Court precedent was objectively unreasonable." *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010) (citation omitted). Moreover, "[o]n habeas review, the state court's factual findings are entitled to a presumption of correctness, and may not be overturned unless rebutted by clear and convincing evidence." *Rodriguez v. McDonald*, 872 F.3d 908, 919 (9th Cir. 2017). This presumption of correctness applies to credibility determinations made by the PCR court after an evidentiary hearing. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004).

      The PCR court found that Petitioner's attorney was credible and found that Petitioner was not. On those facts, the PCR court further found that Petitioner was "fully informed by his trial counsel every step of the way" from "prior to the entry of his guilty plea through sentencing," and that in order to limit his potential liability for the "green light" phone call, Petitioner knowingly entered into the sentencing agreement. Respondent's Ex. 115 at 2. Judge Jelderks found that Petitioner failed to rebut by clear and convincing evidence the presumption of correctness associated with the PCR court's credibility determinations and factual findings. Applying the "doubly deferential" standard under *Strickland*, Judge Jelderks correctly concluded that Petitioner is unable to establish that his attorney's performance fell below an objective standard of reasonableness, or that Petitioner suffered prejudice even if an error was committed, and that the PCR court's denial of relief to Petitioner was neither contrary to, nor an unreasonable application of, clearly established federal law. Even considering the additional allegations and arguments in the Second Petition, Petitioner fails to meet his burden to establish

his entitlement to habeas relief. The Court agrees with Judge Jelderks's analysis and adopts in full the F&R.

**D. Conclusion**

The Court ADOPTS Judge Jelderks's Findings and Recommendation, ECF 33. The Court DENIES the Petition for Writ of Habeas Corpus, ECF 2, and DISMISSES this case with prejudice. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 10th day of April, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge